UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SULTAN ESTEBESOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00331-JPH-MG |
| | ) | |
| WARDEN CLAY COUNTY JUSTICE | ) | |
| CENTER, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER TO EXPAND THE RECORD

Sultan Estebesov seeks a writ of habeas corpus under 28 U.S.C. § 2241. He challenges the lawfulness of his detention at the Clay County Jail on behalf of the U.S. Department of Homeland Security. Because Mr. Estebesov's petition appears to consist only of claims that were or could have been adjudicated in another habeas proceeding, the Court directs the parties to expand the record and show cause why the case should not be dismissed as an abuse of the writ.

## I. The Petition

Mr. Estebesov is a citizen and national of Kyrgyzstan. His petition relies on the following allegations, which the Court treats as true for purposes of this order. Dkt. 1 ¶¶ 29–41.

Mr. Estebesov presented for inspection at a port of entry in 2023. Immigration officials deemed Mr. Estebesov inadmissible and initiated removal proceedings but did not keep him in detention. Instead, they granted Mr. Estebesov parole through February 19, 2024.

1

Mr. Estebesov entered the United States, applied for asylum, and complied with the conditions of his parole. When his parole expired in February 2024, his asylum and removal proceedings were still pending. He continued to comply with the conditions of his parole, including reporting to appointments with immigration officials. The government's treatment of Mr. Estebesov did not change after his parole expired.

On February 2, 2026, immigration officials arrested Mr. Estebesov when he reported to a supervision appointment in Chicago. He has since been moved to the Clay County Jail in this District. His asylum and removal proceedings remain ongoing.

Broadly, Mr. Estebesov's petition argues that his detention violates the Constitution and laws of the United States in two ways. First, he argues that his detention after receiving and complying with the conditions of his parole—notwithstanding its expiration—and without any hearing or other process violates the Fifth Amendment's due process clause. Dkt. 1 ¶¶ 42–50. Second, he argues that, given the government's failure to promptly remove him or make specified findings regarding the need to detain him, he is entitled to be rereleased

2

on parole under 8 C.F.R. § 212.5(e)(2)(i),[1] the Administrative Procedure Act (APA), and the *Accardi*[2] doctrine. *Id.* ¶¶ 51–54.

## II. *Estebesov I*

After being arrested in Chicago, Mr. Estebesov filed a habeas petition in the Northern District of Illinois. *Estebesov v. Olson*, No. 2:26-cv-1165 (N.D. Ill.) (*Estebesov I*). That petition was adjudicated on the merits. The only record from *Estebesov I* currently before this Court is the final order, which was issued May 5—only three days before Mr. Estebesov filed his petition in this Court. Dkt. 9-2.

*Estebesov I*'s final order adjudicates two claims. First, the court rejected Mr. Estebesov's claim that he was entitled to, at minimum, a bond hearing because his detention was authorized by 8 U.S.C. § 1226(a) rather than § 1225(b)(2)(A), which calls for mandatory detention through the conclusion of removal proceedings. Second, the court found that Mr. Estebesov's arrest and detention did not violate the Due Process Clause.

---

[1] "Parole shall be automatically terminated without written notice . . . at the expiration of the time for which parole was authorized . . . . When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified. Any further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed. If the exclusion, deportation, or removal order cannot be executed within a reasonable time, the alien shall again be released on parole unless in the opinion of the official listed in paragraph (a) of this section the public interest requires that the alien be continued in custody."

[2] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

The order makes no reference to the Code of Federal Regulations, the APA, or *Accardi*. The record here does not allow this Court to conclude whether Mr. Estebesov presented claims under those authorities.

### III. Abuse of the Writ

"*Res judicata* does not apply to habeas corpus. . . . Its place is taken by the concept of abuse of the writ." *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). The doctrine bars a successive § 2241 petition "unless the law [has] changed or new facts [have] come to light." *Arnaout v. Marberry*, 351 F. App'x 143, 144 (7th Cir. 2009) (unpublished). It also "prohibits subsequent habeas consideration of claims not raised, and thus defaulted, in the first federal habeas proceeding." *McCleskey v. Zant*, 499 U.S. 467, 490 (1991). There is a "presumption against habeas adjudication . . . of claims defaulted in the first round of federal habeas." *Id.*

Neither side invokes abuse of the writ by name. The respondents, however, refer repeatedly to *Estebesov I*. Dkt. 9. Meanwhile, Mr. Estebesov asks the Court to find that *Estebesov I* "is neither binding nor persuasive" authority. Dkt. 10 at 2. He acknowledges that *Estebesov I* did not adjudicate his regulatory, APA, and *Accardi* claims but stops short of stating that he presented those claims in *Estebesov I. Id.* at 3.

In short, the record before this Court suggests that Mr. Estebesov's second petition is barred as an abuse of the writ. Abuse of the Writ is an affirmative defense, but a district court may raise the doctrine *sua sponte* as a basis for dismissal, provided the parties are given an opportunity to be heard. *Arnaout*,

4

351 F. App'x at 145 ("Although abuse of the writ is an affirmative defense, . . . and the warden did not raise it in so many words, Arnaout was notified by the briefs of the possibility that the district court's decision could be sustained on appeal under an alternative theory."); *U.S. ex rel. Hardin v. Gramley*, No. 92 C 3632, 1992 WL 358902, at *1 (N.D. Ill. Nov. 25, 1992) ("Once a court has given a petitioner specific notice that it is considering dismissing the petition for abuse of the writ and given the petitioner an opportunity to respond, a court may sua sponte dismiss the petition without an evidentiary hearing." (citing *Urdy v. McCotter*, 773 F.2d 652, 655–56 (5th Cir.1985)).

### IV. Order to Expand the Record

Pursuant to Rule 7 of the *Rules Governing § 2254 Cases*,[3] the Court orders the parties to expand the record as follows:

Mr. Estebesov will have **seven days** to designate as evidence his petition and any briefs by either side in *Estebesov I.*

He will also have **seven days** to **show cause** why this action, or any particular claim for relief, should not be dismissed as an abuse of the writ. The respondents will have **seven days** to respond. In the event the respondents designate additional evidence, Mr. Estebesov will have **seven days** to reply.

**SO ORDERED.**

Date: 5/28/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[3] *See also* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition" brought under authority other than § 2254.).

Distribution:

Eli Goldmann
Eli Goldmann, Esq.
e.goldmann@icloud.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov

6